UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

DEVIN SILVA,

                    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/21/2023_
```

22 Cr. 705 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Devin Silva, moves for a competency hearing or, in the alternative, a second competency evaluation. For the reasons stated below, Silva's motion for a competency hearing is DENIED without prejudice, and the motion for a second competency evaluation is GRANTED.

## BACKGROUND

On December 21, 2022, a grand jury indicted Silva for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 5. On January 4, 2023, Silva was arraigned and pleaded not guilty. ECF No. 6. Silva was detained on consent without prejudice at the Metropolitan Detention Center ("MDC"). ECF No. 4.

By letter dated June 27, 2023, Silva's counsel raised the issue of competency, stating that he was "concerned about whether or not Mr. Silva understands these proceedings and can assist in his defense." ECF No. 35. The Court directed Silva's attorney to file a motion. ECF No. 36. On July 6, 2023, Silva's lawyer moved for a competency examination pursuant to 18 U.S.C. § 4241(d) based on his "observations of [Silva] in court and at [MDC]," his observations of Silva's "body language and facial expressions in the Rule 16 discovery," Silva's "refusal to appear before [the] Court on two occasions," and Silva's placement in MDC's special housing unit ("SHU"). ECF No. 37 at 1–2. On July 12, 2023, the Court granted the motion and ordered the Bureau of Prisons ("BOP") to have a

licensed psychiatrist or psychologist conduct a competency examination.  ECF No. 39, *as amended,* ECF No. 41.

The September 29, 2023 report (the "Report") states that the BOP psychologist evaluated Silva between August 15 and September 12, 2023, ███████████████████ ███████████████  The evaluation did not include psychological testing because Silva refused to consent.  *Id.* at 2, 8.  The psychologist concluded that ███████████████████ ███████████████████████████████ Silva "possess[es] a rational and factual understanding of the proceedings against him" and has the "capacity to assist legal counsel in his defense." ████

By letter filed under seal and dated October 18, 2023 (the "Defense Letter"), Silva's counsel objects to the Report's finding that Silva can assist in his own defense on the ground that Silva ███████████████████████████████████████ Silva's attorney states that ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████ Silva's lawyer further states that ███████████████ ███████████████████████████████████████ ███████████████████████████████ Finally, Silva's counsel points to the Report's statement that ███████████████████████ ███████████████████ Silva's attorney moves for a competency hearing or, in the alternative, a second competency examination. ████████

By letter filed under seal and dated October 25, 2023, the Government opposes Defendant's request, arguing that the facts do not require a competency hearing. ████████

2

**DISCUSSION**

"Subjecting an incompetent person to trial is a violation of that person's constitutional right to due process." *Johnson v. Keane*, 974 F. Supp. 225, 229 (S.D.N.Y. 1997) (citing *Pate v. Robinson*, 383 U.S. 375 (1966)).  A court errs if its failure to make further inquiry into the defendant's competence to stand trial "in light of what [is] known" denies the defendant a fair trial.  *Nicks v. United States*, 955 F.2d 161, 169 (2d Cir. 1992) (quoting *Drope v. Missouri*, 420 U.S. 162, 174–75 (1975)).  Courts consider "any evidence of the defendant's irrational behavior, the defendant's demeanor [in the courtroom], medical opinions, and the opinion of defense counsel." *Johnson*, 974 F. Supp. at 231 (citing *Drope*, 420 U.S. at 177 n.13).

The Court concludes that a competency hearing is not required at this time.  A court must grant a motion for a competency hearing if there is "reasonable cause" to believe that the defendant is suffering from a mental disease or defect "rendering him mentally incompetent." 18 U.S.C. § 4241(a); *see Johnson*, 974 F. Supp. at 230 (holding that the reasonable-cause determination "rests within the discretion of the trial judge").  "[S]ome degree of mental illness cannot be equated with incompetence to stand trial." *United States v. Auen*, 846 F.2d 872, 878 (2d Cir. 1988) (quoting *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986)).  Here, the Report states that Silva understands the proceedings before him and is able to assist in his defense, and it describes ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Defense Letter does not point to sufficient additional facts to necessitate a competency hearing at this time.  Although the Defense Letter notes that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Accordingly, the Court is not obligated to order a competency

3

hearing. *See Nicks*, 955 F.2d at 168 (noting that the reasonable-cause determination is based on "the evidence before the court at the time its decision [is] made").

However, the Court concludes that further inquiry is still required. The Supreme Court has instructed courts to pay special attention to the concerns of defense counsel because they are in "the closest contact with the defendant." *Drope*, 420 U.S. at 177 n.13; *see Johnson*, 974 F. Supp. at 231. Silva's counsel has expressed concerns about Silva ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Throughout the Defense Letter, Silva's counsel opines that further inquiry is warranted and that Silva may not be able to assist in his own defense. ▮▮▮▮▮▮▮ Moreover, Silva has a history of erratic behavior, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Report notes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ Although the Court shall not draw conclusions from its limited observations of Silva's demeanor at his last courtroom appearance on February 21, 2023, the Court notes that Silva has refused to come to court on at least two occasions, ECF No. 37, including at least one time where defense counsel expected Silva to appear. ECF No. 27. Finally, courts can consult the opinions of multiple psychiatrists in determining competence. *See, e.g.*, *Silverstein v. Henderson*, 706 F.2d 361, 369 (2d Cir. 1983); *Johnson*, 974 F. Supp. at 227, 232; *United States v. Bumagin*, 114 F. Supp. 3d 52, 54 (E.D.N.Y. 2015). The Court, therefore, shall order a second psychiatric evaluation pursuant to 18 U.S.C. § 4241(b).

## CONCLUSION

Silva's motion for a competency hearing is DENIED without prejudice, and Silva's motion for a second psychiatric evaluation is GRANTED.

4

By **December 5, 2023**, Defendant shall submit a proposed order identifying a psychiatrist who shall conduct a psychiatric examination and providing a timeline for such evaluation to occur. The order shall set forth whether psychological testing shall occur as part of the examination.

The trial date of January 8, 2024, and all related pretrial deadlines set forth in the Court's August 25, 2023 order, ECF No. 43, are ADJOURNED *sine die*.

SO ORDERED.

Dated: November 21, 2023
       New York, New York

                                                          ANALISA TORRES
                                              United States District Judge