UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- -------------------------------------------------------- x

UNITED STATES OF AMERICA,                22 cr. 705 (AT)

    - against –

  DEVIN SILVA

        Defendant.

- -------------------------------------------------------- x

# SENTENCING MEMORANDUM

KIRTON LAW FIRM
Attorney for Defendant
DEVIN SILVA
175 Fulton Avenue, Suite 305
Hempstead, New York 11550
(516) 833-5617 ph
(516) 833-5617 fax
kirtonlawfirm@gmail.com email
By: Marlon G. Kirton, Esq.

1

# KIRTON LAW FIRM

---

*Marlon G. Kirton, Esq.*

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

July 2, 2024

VIA ELECTRONIC FILING

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Devin Silva, 22cr. 705 (AT)*

Dear Judge Torres:

## DEVIN SILVA[1]

    Devin Silva has a long history of mental illness that has affected him his entire life. I have seen several versions of the same person during my visits with him at the MDC. He is primarily cheerful, engaged, and ready to discuss his discovery and case. Other times, he has been distant and short. He refused to come to court on several occasions and has been violent with the staff.

    <u>The good news is  Devin</u> understands that he needs help. He has been on his medication and has not been in Special Housing (SHU) for many months. He thinks clearly and is anxious to start life with a renewed focus on his mental health. He has an engaged and supportive family that can help him on this journey.

---

[1] Based on interviews, the PSR and review of medical records and reports.

2

## SENTENCING FACTORS

The United States Supreme Court, in *Apprendi v. New Jersey*, 530 US 466 (2000), focused on sentencing factors that impact the defendant. *Apprendi* requires that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 US at 490. The Supreme Court extended the logic of *Apprendi* in the landmark *Blakely* case. *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court reviewed the constitutionality of a Washington State statute like the United States Sentencing Guidelines (USSG). In *Blakely*, the trial court sentenced the defendant to more than three (3) years above the 53-month statutory maximum for his offense. The basis of the enhanced sentence was based on a finding made solely by a judge without the jury's input. *Blakely* held that the Washington State sentencing guidelines violated the defendant's Sixth Amendment right to a jury trial. The Court reasoned that the statutory maximum is any fact found by a jury or admitted by a defendant. However, *Blakely* did not expressly apply to the USSG *Blakely, supra* at footnote 9.

The Supreme Court then applied its Sixth Amendment analysis to the USSG. *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker* (also included in the companion case of *United*

3

*States v. FanFan*), the Court applied the reasoning and holding of *Blakely* to the USSG. The Supreme Court held that a statutory maximum for purposes of the Sixth Amendment was any fact proved by a jury or admitted by a defendant. The Court reasoned that for the USSG to be constitutional, it had to be advisory rather than mandatory. 18 USC 3553(b) directs that the court "shall impose a sentence of the kind and in the range" established by the Guidelines. *Booker, supra.* To the extent that this section of the statute was mandatory, the Court severed section 3553(b) and made the USSG advisory rather than mandatory on federal judges. Furthermore, the Court also severed 18 USC 3742(e) as unconstitutional and held that the standard of review for appellate courts reviewing sentencing issues is "reasonableness." *Booker, supra*. Finally, Courts of Appeal were no longer entitled to review downward departures de novo; the standard for review is reasonableness. *Booker, supra*.

  The Second Circuit's first attempt at applying *Booker* came in *Crosby*. *United States v. Crosby*, 397 F.3d 103 (2nd Cir. 2005). In that case, the defendant pleaded guilty and was sentenced to ten (10) years. He appealed, and the Court had to decide whether his sentence was unreasonable, considering the *Booker* decision. The Court remanded the case for the district court to apply the new standards in *Booker,* but it gave guidance to that Court and all district courts. A district court must consider the USSG when rendering a judgment. While acknowledging that the USSG had become primarily advisory, the Court cautioned against returning to a pre-guidelines world of marked sentencing disparities. The Circuit gave a checklist for district courts to apply when implementing *Booker*, 1. The USSG is no longer mandatory, 2. The district court must consider the USSG and the other factors in section 3553(a), 3. The application of the USSG will usually require determining the applicable range for a particular case, 4. After considering the USSG and all of the relevant factors in section 3553(a), the district

4

Court must decide whether to impose a guidelines sentence or a non-guidelines sentence, and 5. The district court is entitled to find all the facts appropriate for rendering guidelines or non-guideline sentences.

## APPLICABLE GUIDELINES RANGE[2]

Given the guidance of *Crosby*, it is necessary to determine the appropriate guidelines range for Devin. Devin was convicted of one count of Possession of a Firearm after a Felony Conviction in violation of 18 922(g)(1), 924(a)(8) and 2. The Adjusted Base offense level is 21, and the Criminal History Category is III based on five criminal history points. According to The Probation Department, the applicable guidelines range from 77 to 96 months, based on a revised criminal history of 14 points. Probation recommended a sentence of 60 months.

## CONDITIONS OF CONFINEMENT[3]

Devin has been held without bail at the MDC since his arrest in August 2022. During his detention, the MDC experienced many lockdowns and restrictions.

On February 7, 2024, it was reported that there were at least 15 stabbings in unit 71 in the past few months.

On March 28, 2024, it was reported that the lockdown would continue daily through April 1, 2024.

On June 7, 2024, there was another lockdown, and visits were suspended because an inmate was stabbed to death and another inmate suffered a heart attack.

During the week of June 14th, there was a 10:00 a.m., which curtailed attorney visits.

Finally, the weekend lockdown due to staff shortages has been ongoing in 2024.

---

[3] Based on credible reports from inmates or confirmation from MDC.

5

## JAIL TIME CREDIT CALCULATION[5]

A court shall adjust a sentence to include any portion of imprisonment already served on an undischarged term of imprisonment.[6] The court must first determine that the prior sentence is relevant conduct with the instant offense.[7] The court must also determine that the BOP will not credit the client for the time served by the defendant in the prior case.[8] Furthermore, if the prior sentence is already discharged, the court may downwardly depart so long as the defendant has qualified under USSG 5G1.3 (b).[9] A sentencing court may take into account the same issues pursuant to 18 USC 3553 a.

In the case at bar, Devin was charged with criminal possession of a weapon in Bronx County on August 28, 2022. Devin was writted into this district on December 2, 2022. The weapons offenses in both jurisdictions are based on identical conduct; therefore, the prior case is relevant conduct pursuant to USSG 5G1.3.  The BOP will not give him credit for the nearly 4 months he served while in state custody because his federal jail time started on December 2, 2022.  Therefore, the Defense requests that if Devin is sentenced to prison, his term be reduced by 3 months to ensure he receives proper credit for the time he served in state court before he was writted into this district. The Défense is not asking for a downward departure, but this Court is entitled to make this adjustment pursuant to 18 USC 3553(a).

---

[5] Based in part on the Final PSR.
[6] *U.S.S.G. 5G1.3(b)(1).*
[7] *Id.*
[8] *Id.*
[9] *USSG 5G1.3, Application Note 5. U.S.S.G. 5K2.23*

6

## CONCLUSION

The Defense requests a below guidelines sentence of 36 months[10], three years supervised release, mental health treatment and testing, and drug and alcohol treatment and testing as recommended by probation.

Sincerely,

*Marlon Kirton*
Marlon G. Kirton, Esq.


cc: William Kinder, Assistant United States Attorney (via electronic mail)

---

[10] The actual sentence would be 39 months, reduced to 36 months to account for the 3 months he spent in state court on a related matter under 18 USC 3553 a.